UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE CHRISTIDES,

      **Plaintiff,**

v.                                 **Case No. 8:09-CV-2348-T-17EAJ**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the court are Defendant's **Motion to Dismiss or, in the Alternative, Motion for Summary Judgment** (Dkt. 21), Plaintiff's **Pleading in Answer** (Dkt. 22), Plaintiff's **Supplementary Evidence** (Dkt. 28), and Defendant's **Response to Plaintiff's Pleading in Answer** (Dkt. 30). Also before the court is Plaintiff's **Motion to Change Nature of Suit** (Dkt. 29). For the reasons stated below, the undersigned recommends that the motions be denied.

I.    **Motion to Dismiss**

### Legal Standard

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (citation omitted). To survive a motion to dismiss a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326

(1989).

## Analysis

This is an action for judicial review of the Commissioner of Social Security's final decision regarding Plaintiff's request for disability benefits. Defendant argues that Plaintiff failed to initiate the action within the time period allowed under 42 U.S.C. § 405(g).

A suit seeking review of a final decision of the Commissioner of Social Security must be filed "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner ... may allow." 42 U.S.C. § 405(g). A plaintiff has sixty days from receipt of the notice to file a complaint, and receipt is presumed to be "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

On January 9, 2009, an Administrative Law Judge ("ALJ") issued a fully favorable decision on Plaintiff's claim for a period of disability and disability insurance benefits, finding Plaintiff disabled as of February 20, 2003 (Dkt. 1 Ex. 1 at 4-11). Plaintiff was notified that she had sixty days to request review by the Appeals Council (Id. at 5).

Plaintiff  filed an untimely request for review, asking that she be found disabled as of the date alleged in another application for benefits that was denied (Dkt. 1 at 2; Dkt. 1 Ex. 1 at 12).[1] On July 23, 2009, the Appeals Council directed Plaintiff to show cause for the request's untimeliness (Dkt. 21 Ex. 1 at 19).[2] In a September 2, 2009 notice, the Appeals Council found an absence of good

---

[1] Plaintiff alleges that she filed the request for review in May 2009 (Dkt. 1 at 5). Defendant maintains that it was filed in June 2009 (Dkt. 21 at 2). In either case, the request was untimely.

[2] Reliance on portions of the administrative record attached to Defendant's motion to dismiss does not require conversion of the motion into one for summary judgment because the documents are central to plaintiff's claim and undisputed. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted); see, e.g., Sch. Bd. of Manatee County, Fla. v. L.H. ex rel. D.H., 666 F.

2

cause and dismissed the request as untimely (Id. at 19-20).  Plaintiff was notified that she had "60 days to file a civil action (ask for court review)" (Id. at 17).

Plaintiff has made no reasonable showing, in her complaint or otherwise, that she did not receive the notice within five days of September 2, 2009.  Thus, the deadline for her to file a complaint was sixty-five days later, i.e., November 6, 2009.

On that very date, Plaintiff filed a complaint with this court and simultaneously moved to proceed in forma pauperis.  See Christides v. Comm'r of Soc. Sec., 8:09-CV-2268-T-26TGW.[3]  In moving to proceed in forma pauperis, Plaintiff stated the following: "I am neither 'indigent' nor a 'pauper' and I do not want any legal record to declare me as such.  This is an application - as stated in title of this form - to proceed as a citizen elder of the U.S." (Id. at Dkt. 2).  On November 9, 2009, noting these comments, the court found it had "no alternative but to dismiss th[e] case without prejudice to being refiled so long as any refiled complaint is accompanied by the Clerk's filing fee" (Id. at Dkt. 3).

On November 17, 2009, Plaintiff filed the instant suit.  There is no question that the sixty-five-day filing period had elapsed by that time.  The issue, then, is whether the untimeliness of Plaintiff's claim should be excused.

The filing period prescribed by § 405(g) is subject to equitable tolling in "extraordinary

---

Supp. 2d 1285, 1288 (M.D. Fla. 2009) (considering portions of administrative record attached to response to motion to dismiss).

[3] The court may take judicial notice of the documents in Plaintiff's first case without converting Defendant's motion to one for summary judgment as the documents "[a]re 'not subject to reasonable dispute' because they [a]re 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" Horne v. Potter, No. 10-10561, 2010 WL 3245149, at *2 (11th Cir. Aug. 16, 2010) (quoting Fed. R. Evid. 201(b)).

circumstances."  Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).  A plaintiff must justify equitable tolling by showing that circumstances such as fraud, misinformation, or deliberate concealment prevented the timely filing of a complaint.  Id. at 1355.

Plaintiff's pro se status does not warrant equitable tolling.  The Appeals Council's notice clearly articulated the process and deadline for Plaintiff to file a civil suit.  See id. at 1356.  "Simply put, [Plaintiff] has not shown that her limited legal experience prevented her in some *extraordinary way* from timely filing her § 405(g) complaint."  Id. at 1356.  Moreover, the dismissal of a timely-filed complaint without prejudice does not constitute extraordinary circumstances excusing the untimely filing of a subsequent complaint.  See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations."); Justice v. United States, 6 F.3d 1474, 1478-79 (11th Cir. 1993) (noting the general rule that "the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations"); Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations.").

Plaintiff states that upon submitting her "Application to Proceed Without Prepayment of Fees and Affidavit" in the first case, a docket clerk mentioned that the affidavit reflected the desire to proceed in forma pauperis (Dkt. 21 at 9).  Plaintiff maintains that she intended to only defer payment of the filing fee "as it states on the Court web site" and thus added a note to the application because she "eschewed to be declared a pauper ever by any Court and understood by 'deferral' she is liable for the fee" (Id.).

Regardless of Plaintiff's intentions, she has not demonstrated that circumstances such as

4

fraud, misinformation, or deliberate concealment prevented her from timely filing a complaint. Rather, Plaintiff waited until the last minute to file a timely complaint and then unreasonably moved to proceed in forma pauperis while simultaneously maintaining she was not indigent.  Because Plaintiff "failed to act with due diligence," equitable tolling is inappropriate in this situation.  Bost, 372 F.3d at 1242.  Consequently, her claim should be dismissed as untimely.

## II.   Motion to Change Nature of Suit

Anticipating that Defendant will "continue to assertion violation of tolling," Plaintiff moves to change the nature of her suit from a claim under § 405(g) to a generic civil rights claim (Dkt. 29 at 1).  Plaintiff maintains that such designation would allow her to "demonstrate standing before this Court when agency procedure offers no recourse" (Id. at 3).  Plaintiff overlooks that "§ 405(g) is the exclusive grant of jurisdiction with respect to federal court claims challenging the Secretary's administrative actions on disability claims."  Stone v. Heckler, 778 F.2d 645, 647 n.4 (11th Cir. 1985) (citing 42 U.S.C. § 405(h)); see also Schweiker v. Chilicky, 487 U.S. 412, 420 (1988) (finding constitutional tort could not be asserted for alleged due process violations resulting from denial of social security benefits).  Plaintiff's motion to change the nature of her suit to a civil rights suit should be denied.

Upon consideration it is **RECOMMENDED** that:

(1)   Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt. 21) be **GRANTED**; and

(2)   Plaintiff's Motion to Change Nature of Suit (Dkt. 29) be **DENIED**.

**Date:   November 5, 2010**

ELIZABETH A JENKINS
United States Magistrate Judge


## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C.  636(b)(1).


Copies to:
District Judge
Counsel of Record